

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00368-CR

**LARRY G. WATSON,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2010-1136-C2**

## MEMORANDUM OPINION

Appellant, Larry G. Watson, was charged by indictment with one count of aggravated sexual assault of a child, a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (e) (West Supp. 2011); one count of indecency with a child by contact, a second-degree felony, *see id.* § 22.11(a)(1), (d) (West 2011); and one count of indecency with a child by exposure, a third-degree felony.[1]  *See id.* § 21.11(a)(2)(A), (d) (West 2011).

---

[1] The jury assessed punishment at seventy-five years' confinement for the count of aggravated sexual assault of a child, twenty years' confinement for the count of indecency with a child by contact,

In one issue, Watson argues that the trial court abused its discretion by denying him his right of confrontation and prohibiting him from properly impeaching the complainant pursuant to Texas Rule of Evidence 613. *See* TEX. R. EVID. 613. We affirm.[2]

## I.     STANDARD OF REVIEW AND APPLICABLE LAW

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 1067-68, 13 L. Ed. 2d 923 (1965); *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008).

The Sixth Amendment protects the defendant's right not only to confront the witnesses against him, but to cross-examine them as well. *See Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110, 39 L .Ed. 2d 347 (1974). "The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis*, 415 U.S. at 316-17, 94 S. Ct. at 1110. The accused is entitled to great latitude to show a witness' bias or motive to falsify his testimony. *See Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. [Panel Op.] 1982).

However, the right of cross-examination is not unlimited. The trial court retains wide latitude to impose reasonable limits on cross-examination. *See Delaware v. Van*

and ten years' confinement for the count of indecency with a child by exposure. The trial court ordered the sentences to run consecutively.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

*Arsdall*, 475 U.S. 673, 678, 106 S. Ct. 1431, 1434-35, 89 L. Ed. 2d 674 (1986). The trial court must carefully consider the probative value of the evidence and weigh it against the risks of admission. *See Hodge*, 631 S.W.2d at 758. These potential risks include "the possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time." *Id.*; *see Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000); *see also Chambers v. State*, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993). Moreover, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, or to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L. Ed. 2d 15 (1985) (emphasis in original); *see Walker v. State*, 300 S.W.3d 836, 844-45 (Tex. App.—Fort Worth 2009, pet. ref'd).

## II.    ANALYSIS

Here, the complainant, fourteen-year-old B.D., testified that, when she was eleven years old, Watson exposed himself to her, masturbated in front of her, took pictures of her naked, fondled her breasts, and penetrated her vagina with his fingers. B.D. described the incidents using graphic terminology, including "jacking off" and "cum." After inquiring about the incidents allegedly involving Watson, the prosecutor then asked B.D. about a prior sexual assault she allegedly endured at the hands of her mother's ex-boyfriend, Danny Suarez. On cross-examination, defense counsel questioned B.D. about Suarez's actions and also began to ask about an incident in 2004 involving "a young person," which required Child Protective Services to intervene. The

State objected to defense counsel's line of questioning pertaining to the young person as being irrelevant and deliberately confusing and asserted that B.D. had denied that anything transpired in that incident. After hearing argument from both sides, the trial court sustained the State's objection. In response to the trial court's ruling, defense counsel made the following statement:

> Okay. And, Judge, I'll have to except to that because I think the child's experience—the State has talked about how many times she's been talked to about things, sexual questions. There's always the issue that when you're talking to a child just the questioning puts ideas into their mind, gives them information about things sexual, makes them aware of the affect [sic] of allegations of sexual misconduct and so forth. And this has been going on in this child's life for many years. And I think that's critical to this Defendant having a fair trial. Just—I understand the ruling.

At no point in trial did defense counsel argue that the trial court's ruling on the State's objection violated Texas Rule of Evidence 613 or the Confrontation Clause; instead, he made a vague objection without citing any authority. Based on our review of the record, Watson's complaint on appeal does not comport with his objection in the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (stating that a complaining party must make a timely and specific objection to preserve error for appellate review); *see also Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (noting that points of error on appeal must correspond or comport with objections and arguments made at trial) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998))). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for

review." *Wright*, 154 S.W.3d at 241; *see Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

Furthermore, the Texas Court of Criminal Appeals has held that, when complaining about the exclusion of evidence, the proponent is required to make an offer of proof and obtain a ruling in order to preserve error. *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005). Watson did not make a particularized showing that the 2004 allegation he wished to reference was where B.D. gained knowledge about "sexual things" or that it actually made her aware of the effect of allegations of sexual misconduct.[3] Watson also failed to obtain a ruling from the trial court on his objection. Based on the foregoing, we conclude that Watson failed to preserve his appellate complaints in this matter. *See* TEX. R. APP. P. 33.1(a); *Reyna*, 168 S.W.3d at 176; *Wilson*, 71 S.W.3d at 349; *see also Wright*, 154 S.W.3d at 241. Accordingly, Watson's sole issue is overruled.

### III.    CONCLUSION

Having overruled Watson's only issue on appeal, we affirm the judgments of the trial court.


AL SCOGGINS
Justice

---

[3] In fact, it is arguable that B.D. gained the "sexual knowledge" that Watson complains about as a result of the sexual assault allegedly perpetrated by Suarez and that questioning about the 2004 incident would confuse or mislead the jury or serve to embarrass or harass B.D. *See Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. [Panel Op.] 1982); *see also Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000); *Chambers v. State*, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993).

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 23, 2012
Do not publish
[CR25]